UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

MIRANDA LYNN PAREDES,

      Plaintiff,

   v.

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

Case No. 1:13:-cv-1570-AC

OPINION AND ORDER

ACOSTA, Magistrate Judge:

*Introduction*

  Before the court is Miranda Paredes's ("Paredes") unopposed Motion for Approval of Attorney

Fees Pursuant to 42 U.S.C. § 406(b) ("Section 406(b)"). Although Paredes is the claimant in this case,

the real party in interest to this motion is her attorney Arthur Stevens ("Stevens"). The Commissioner does

not oppose the motion, but merely acts in a manner similar to "a trustee for the claimant[]." *Gisbrecht v.*

Page 1 - OPINION AND ORDER

*Barnhart*, 535 U.S. 789, 798 (2002). Having reviewed the proceedings below and the amount of fees sought, the court concludes Stevens is entitled to fees under Section 406(b) in the amount of $12,909.68.

## *Procedural Background*

Paredes filed applications for Disability Insurance Benefits and Supplemental Security Income ("Benefits") on January 15, 2009, alleging an onset date of August 31, 2003. Her applications were denied initially and on reconsideration. On April 25, 2012, an Administrative Law Judge ("ALJ") issued an opinion in which he found Paredes not disabled and, therefore, not entitled to Benefits. That decision became the final decision of the Commissioner on July 2, 2013, when the Appeals Council denied Paredes's request for review.

Paredes sought review of the Commissioner's decision by filing a complaint in this court on September 5, 2013. Paredes alleged the ALJ erred in four respects: (1) rejecting Paredes's subjective symptom testimony; (2) improperly rejecting lay witness testimony; (3) failing to recontact a medical source to resolve an ambiguity; and (4) basing his decision on the opinion of a vocational expert to whom the ALJ provided an incomplete hypothetical. On March 16, 2015, this court issued an Opinion and Order finding the ALJ improperly rejected Paredes's testimony and the lay witness evidence, and therefore presented an incomplete hypothetical to the VE (the "O&O"). Concluding that Paredes could not perform any jobs that exist in the national economy, the court reversed and remanded the ALJ's decision for the immediate calculation and payment of benefits.

On September 16, 2016, Paredes filed the instant motion for attorney fees in the amount of $12,909.68 under Section 406(b). The Commissioner does not oppose the motion.

## *Discussion*

The parties do not dispute Paredes is the prevailing party in this matter. Additionally, the Commissioner does not challenge the amount Stevens requests as attorney fees. Nonetheless, because the Commissioner does not have a direct stake in the allocation of Paredes's attorney fees, the court must ensure the calculation of fees is reasonable to prevent Stevens from potentially receiving a windfall. *See Gisbrecht*, 535 U.S. at 798 n.6 ("We also note that the Commissioner of Social Security . . . has no direct financial stake in the answer to the § 406(b) question.").

After entering a judgment in favor of a Social Security claimant represented by counsel, a court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A) (2015). A "twenty-five percent contingent-fee award is not automatic or even presumed; 'the statute does not create any presumption in favor of the agreed upon amount.'" *Dunnigan v. Astrue*, No. CV 07-1645-AC, 2009 WL 6067058, *7 (D. Or. Dec. 23, 2009), *adopted* 2010 WL 1029809 (March 17, 2010)(quoting *Gisbrecht*, 535 U.S. at 807 n.17). A Section 406(b) fee award is paid from the claimant's retroactive benefits, and an attorney receiving such an award may not seek any other compensation from the claimant. *Dunnigan*, 2009 WL 6067058, at *7. Accordingly, when a court approves both an EAJA fee and a Section 406(b) fee payment, the claimant's attorney must refund to the claimant the amount of the smaller of the two payments. *Gisbrecht*, 535 U.S. at 796.

I. Fee Agreement

Under the Supreme Court's decision in *Gisbrecht*, the court first examines the contingent fee agreement to determine whether it is within the statutory twenty-five percent cap. Paredes and Stevens

Page 3 - OPINION AND ORDER

executed a contingent-fee agreement, which provided if Stevens obtained payment of past-due benefits, Paredes would pay him up to twenty-five percent of the past-due benefits awarded. (Mot. for Approval of Attorney Fees Pursuant to 42 U.S.C. §406(b), ECF No. 24 ("Pl.'s Mot."), Ex. C.) The terms of this agreement are thus within the statute's limits.

The next step is to confirm that the fee requested by counsel does not exceed the statute's twenty-five percent ceiling. This determination requires evidence of the retroactive benefits to be paid to Paredes. Stevens provided a document from the Society Security Administration (the "Administration") entitled "Notice of Award," which details the retroactive benefits due Paredes and states it has withheld $12,909.68 in reserve to pay any attorney fees awarded by the court, which represents twenty-five percent of the past due benefits. (Pl.'s Mot. Ex. 2, at 3.) Stevens seeks the full amount withheld by the Administration for attorney fees. After determining the fee agreement and the amount requested are in accordance with the statutory limits, this court next turns to "its primary inquiry, the reasonableness of the fee sought." *Dunnigan*, 2009 WL 6067058, at *10.

## II. Reasonableness Factors

An order for an award of benefits should not be viewed in isolation, nor can it be presumed always to require a fee award of twenty-five percent of a claimant's retroactive benefits award. *Dunnigan*, 2009 WL 6067058, at *12. If obtaining benefits always supported awarding fees for the maximum amount provided for by statue, the other *Gisbrecht* factors and the trial courts' assigned task of "'making reasonableness determinations in a wide variety of contexts'" would be unnecessary. *Id.* (quoting *Gisbrecht*, 535 U.S. at 808). Here, Stevens seeks twenty-five percent of the past due benefits, the full amount of the statutory cap.

Page 4 - OPINION AND ORDER

Counsel bears the burden to establish the reasonableness of the requested fee. *Gisbrecht*, 535 U.S. at 807. While the court must acknowledge the "primacy of lawful attorney-client fee agreements," contingent fee agreements that fail to "yield reasonable results in particular cases" may be rejected. *Id.* at 793, 807. The court must ensure a disabled claimant is protected from surrendering retroactive disability benefits in a disproportionate payment to counsel. *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (*en banc*) (citing *Gisbrecht*, 535 U.S. at 808). The four factors to be considered when evaluating the requested fee's reasonableness have been identified by the Ninth Circuit from the *Gisbrecht* analysis as: ( 1) the character of the representation, specifically, whether the representation was substandard; (2) the results the attorney achieved; (3) any delay attributable to the attorney seeking the fee; and (4) whether the benefits obtained were "not in proportion to the time spent on the case" and raise the specter the attorney would receive an unwarranted windfall. *Crawford*, 586 F.3d at 1151-53 (citations omitted). The Ninth Circuit, in *Crawford*, also identified the risk inherent in contingency representation as an appropriate factor to consider in determining a Section 406(b) award. It focused the risk inquiry, however, stating that: "the district court should look at the complexity and risk involved in the specific case at issue to determine how much risk the firm assumed in taking the case." 586 F.3d at 1153.

*A. The Character of Representation*

Substandard performance by a legal representative may warrant a reduction in a Section 406(b) fee award. *Crawford*, 586 F.3d at 1151. The record in this case, however, provides no basis for a reduction in the requested Section 406(b) fee due to the character of Stevens's representation. In fact,

Stevens prevailed on three of his four arguments.

### B. *Results Achieved*

The court ordered a remand of Paredes's claim for the immediate calculation and payment of benefits. This was the best result available, and thus does not weigh against Stevens's requested award.

### C. *Undue Delays*

A court may reduce a Section 406(b) award for delays in proceedings attributable to claimant's counsel. *Crawford*, 586 F.3d at 1151. The reduction is appropriate "so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Gisbrecht*, 535 U.S. at 808 (citation omitted).

Here, Paredes's opening brief was filed on March 20, 2014. The Commissioner filed the response brief timely on May 22, 2014, and Paredes filed her reply brief on June 30, 2014, after filing a motion for extension of time on June 6, 2014. The request for extension of time extended the action by only a few weeks, and the pendency of this action did not exceed the normal time span for Social Security Cases. Moreover, the delay afforded by Paredes's motion for extension of time was not disproportionally long in relation to the overall pendency of the action and was not unreasonable or unfounded. There is nothing in the record to suggest the delay attributable to Stevens was "undue." Accordingly, a reduction of Stevens's fee request is unwarranted under this factor.

### D. *Proportionality*

Finally, a district court may reduce a Section 406(b) award if "benefits . . . are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808). The Supreme Court explained "[i]f the benefits are large in comparison to the amount of time counsel spent on

Page 6 - OPINION AND ORDER

the case, a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808.

In this case, Stevens filed a twenty-four-page opening brief asserting four errors by the ALJ, and a twenty-three-page reply brief bolstering his arguments in response to the Commissioner's opposition brief. Stevens argued the case should be remanded to the Commissioner for an immediate award of Benefits or, in the alternative, for further proceedings.

Stevens prevailed on his arguments when this court signed the Opinion and Order reversing the Commissioner's decision, and remanded the matter for an immediate award of Benefits.

Based on the amount withheld by the Administration for attorney fees, Paredes is entitled to approximately $51,639.32 in retroactive benefits. Stevens reports, and the time records confirm, he expended slightly more than twenty-six hour representing Paredes in this matter. This time expenditure is within the twenty-to-forty-hour range Judge Mosman found to be a "reasonable amount of time to spend on a social security case that does not present particular difficulty." *Harden v. Comm'r*, 497 F. Supp. 2d 1214, 1215 (D. Or. 2007).

Stevens currently seeks $12,909.68 in attorney fees for his representation of Paredes before this court, which results in an effectively hourly rate of $490.84. This hourly rate is justified by the positive results Stevens achieved.

*E. Risk*

Stevens discusses the substantial risk of nonpayment and the significant delay in payment undertaken by Social Security practitioners. He also describes the risks unique to this case, emphasizing that the arguments on appeal turned on medically technical issues and required specialized attorney representation. Overall, the outcome of the case was far from assured. The court finds no reduction of

Page 7 - OPINION AND ORDER

the request fee is warranted based on the risk and complexity of the case.

*Conclusion*

For the reasons stated, Paredes's Motion for Approval of Attorney Fees Pursuant 42 U.S.C.

§ 406(b) (ECF No. 24) in the amount of $12,909.68 is GRANTED.  As Stevens was not awarded

\ \ \ \ \

any fees under the EAJA, he is entitled to the entirety of the $12,909.68 without any offset.

IT IS SO ORDERED.

DATED this 27th day of December, 2016.

JOHN V. ACOSTA
United States Magistrate Judge